IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PPV CONNECTION, INC.<br><br>    Plaintiff<br><br>            vs.<br><br>CELSO JIMENEZ RODRIGUEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A RESTAURANT EL BORICUA<br><br>DANIEL RIVERA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BY SIDE<br><br>ALBA LUGO, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA CASITA<br><br>JOSE VALLE PEREZ HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM, VILMA ROSA HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA TABERNA DE LOS GLADIADORES<br><br>MELQUIADES TORRES MORENO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A KASSANDRAS CAFE<br><br>FRANCISCO SANCHEZ SANTIAGO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A COLMADO CAFETIN COLL Y TOSTE | CIVIL NO:<br><br><br><br><br><br>RE: CIVIL ACTION<br>    VIOLATION OF 47 USC 553 AND<br>     47 USC 605 |

JOSE COLON PEREZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETIN PARCELAS CANDELARIA Y/O LA NUEVA ESQUINA

CARLOS MENDOZA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LOS BROTHERS

MR. JOHN (FICTITIOUS) CASILLAS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL BAR CASILLAS

EDGARDO ALICEA MERCADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM; ANGEL DIAZ HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BROADWAY BAR & GRILL

ARIEL SOTO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A ARIEL SOTO LIQUOR STORE

LUIS MEJIAS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  CHICO MAN PUB

DOMINGA CARRILLO HER HUSBAND AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A TROPICO LIQUOR STORE, SPORT BAR & AGENCIA HIPICA

DAVID TORRES MARTINEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  LA CANOA

MR. JOHN (FICTICIOUS) ACOSTA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA TERRAZA ACOSTA

JOSEAN GONZALEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A NEGOCIO LA LOMA

RAFY DOE (FICTICIOUS), HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CASA AGRICOLA

FRANKIE RIVERA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRA LOS SITIOS

LUIS ROSARIO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A RAKAJANGA

JOSE LOPEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  BAJAMAS PUBS

ROBERTO LUCIANO GONZALEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A ÑAMES BAR

MICKEY RODRIGUEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A NEGOCIO DE MICKEY

ROBERTO GRAU, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFE JAYUYA

ANGEL L. RODRIGUEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  LA FAMILIA

JAVIER MUÑOZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A ROBERT

PEDRO LUIS FIGUEROA FIGUEROA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A PETER PIZZA

FELIX APONTE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  RESTAURANT LA RESACA

MARIA FIGUEROA, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  VISTA DEL TABLADO

CARLOS TURPO HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A COLMADO SPORT

ANGELITA SALDAÑA, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL RANCHO LIQUOR STORE

ANGEL MACHADO RIVERA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  EL DEPORTIVO; MARIA ROE (FICTITIOUS) HER HUSBAND AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL DEPORTIVO

KENNY MELENDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM; RAMONITA REYES HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETIN ROMAN

LUIS NATALE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A FRIKIES

JUAN LUIS RAMOS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRITA DON BILLY

SANDRO PEREZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL BAMBU PUB

CATALINO QUINTANA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A MALIBUS CAFE

WILSON HERNANDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A MI CASITA CAFE; LUIS FERNANDEZ HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A MI CASITA CAFE

RAMON MARTINEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A COLMADO CAFETERIA MARTINEZ

MR. JOHN (FICTICIOUS) GONZALEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A 4 VIENTOS

MR. JOHN (FICTICIOUS) CUEVAS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA MURALLA DE TIN

JOHN ROE (FICTICIOUS), HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A SANDWICHERA Y/O EL RESBALON

LUIS MALDONADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A NEGOCIO DONDE PICA EL PEJE

5

JACINTO PEREZ CINTRON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A OVEJA NEGRA

JORGE L. COLON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL NUEVO PARAISO

JAIME L. MORALES ORTIZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  PANADERIA JAIME L. DREW

CARMEN M. LOPEZ, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA CASITA CRIOLLA

JOSE SANTOS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A NEGOCIO AGENCIA HIPICA 893; MARTA BERMUDEZ AND HER HUSBAND JOHN DOE  AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A NEGOCIO AGENCIA HIPICA 893

GERARDO PEREZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL SAMBO

MARGARITA  MEDINA, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A GERARDO SOLER COLMADO

RAUL BOSQUE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A DON RAUL'S

JANETTE LOPEZ, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A  LA GRAN PARADA

6

CARMEN MEDINA, HER HUSBAND JOHN DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A COLMADO VISTA HERMOSA

FRANCISCO ROMAN MEDINA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A JARANAS BAR & CAFE

RICARDO TORRES MORALES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A EL PILOMATICO

HECTOR SANCHEZ RIOS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A RESTAURANT FEDDERS

MR. RIVERA BONILLA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRITA MANOLO

ANGEL HERNANDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA REPUBLICA

RENE CAMACHO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A RESTAURANTE AMIGOS DE RENE

WILLIAM TORRES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A COLMADO WILLIE

LUIS CINTRON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A KAYROS BAR & GRILL

NILSA VEGA, HER HUSBAND MARCELINO SANTIAGO AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A LA PEQUEÑA BODEGUITA

JULIAN DOE A FICTITIOUS NAME D/B/A/ RESTAURANT LAS FLORES

DIANELBA MENDEZ AS MANAGER OR ADMINISTRATOR OF MARTIN'S BBQ

ANGEL VIERA AS MANAGER OR ADMINISTRATOR OF EL NUEVO DANUBIO AZUL

JOEL CRESPO AS MANAGER OR ADMINISTRATOR OF POPEYES PLACE

MANUEL PEREZ AS MANAGER OR ADMINISTRATOR OF EL BARRIO BAR

EDGARDO CASTILLO AS MANAGER OR ADMINISTRATOR OF PURRY SPORT BAR

MILDRED ROSADO AS MANAGER OR ADMINISTRATOR OF COCOMO

MANUEL RIVERA AS MANAGER OR ADMINISTRATOR OF RIVERA'S PLACE

JOSUE GALAN AS MANAGER OR ADMINISTRATOR OF TRABUCO SPORT BAR

RUTH REYES AS MANAGER OR ADMINISTRATOR OF EL NUEVO BRINDIS

LUIS MANUEL DIAZ AS MANAGER OR ADMINISTRATOR OF LA TABERNA

LUZ ORTIZ AS MANAGER OR ADMINISTRATOR OF LICORERIA

CARMEN GONZALEZ AS MANAGER OR ADMINISTRATOR OF POETA

8

AIDA BERMUDEZ AS MANAGER OR ADMINISTRATOR OF PINCHO, PIÑA Y MAZORCA

MIGUEL RODRIGUEZ AS MANAGER OR ADMINISTRATOR OF JARABE DE PALO

ALEJANDRO CHAPANO AS MANAGER OR ADMINISTRATOR OF LAS TRES LUCES

JAIME MERCADO AS MANAGER OR ADMINISTRATOR OF EL COMPAY MINI MARKET

HECTOR RUIZ AS MANAGER OR ADMINISTRATOR OF PUNTO ONCE

ANIE MERCADO AS MANAGER OR ADMINISTRATOR OF MOROCO

BENIGNO NIEVES AS MANAGER OR ADMINISTRATOR OF ATOLE SPORT BAR

MANUEL QUIJANO AS MANAGER OR ADMINISTRATOR OF CESY BURGER

NELSON CUEVAS AS MANAGER OR ADMINISTRATOR OF BARRITA LOWNBRAW

HECTOR DE JESUS AS MANAGER OR ADMINISTRATOR OF TIERRA SANTA LIQUOR STORE

LUIS PEREZ AS MANAGER OR ADMINISTRATOR OF OLD YARD CAFE SNACK BAR & GAME ROOM

MIGUEL PEREZ AS MANAGER OR ADMINISTRATOR OF LA CASITA LIQUOR STORE

PEDRO ORTIZ AUTHORIZED AGENT OF TOÑIN Y MALEN

9

LILLIAM ACOSTA AUTHORIZED AGENT OF BRISAS DEL RIO

JOEY GONZALEZ AUTHORIZED AGENT OF RESTAURANTE LA OFICINA

JOSE LOPEZ AUTHORIZED AGENT OF NEGOCIO LAS NEREIDAS

RAFAEL TORRES AUTHORIZED AGENT OF NEGOCIO COLMADO GRIPIÑA

JOSE RODRIGUEZ AUTHORIZED AGENT OF GRAM SLAM SPORT BAR

CYNTHIA RIVERA AUTHORIZED AGENT OF EL ROBLE

OSVALDO RIVERA AUTHORIZED AGENT OF LA BARRANCA

LUIS GARCIA AUTHORIZED AGENT OF EL HUCAR

ROBERT TORRES AUTHORIZED AGENT OF NEGOCIO LOS POLLOS

JOSE ORTIZ AUTHORIZED AGENT OF BARRA CHEO

PEDRO TORRES AUTHORIZED AGENT OF PELICANS

MANUEL RODRIGUEZ AUTHORIZED AGENT OF SALON BILLAR BENNY

CARLOS TORRES AUTHORIZED AGENT OF EL RINCON DE LA AMISTAD

RAMON SANTIESTEBAN AUTHORIZED AGENT OF COLMADO CANDELARIO

WILBERTO RIVERA AUTHORIZED AGENT OF THE BULLS PARADISE

ANTONIO OLMEDO AUTHORIZED AGENT OF THE 4 ACES

MILTON MARTINEZ AUTHORIZED AGENT OF SPORT BAR 653

NEIDA MORALES AUTHORIZED AGENT OF LA REPRESA

HERMES RIVERA AUTHORIZED AGENT OF TORRES LIQUOR STORE

LUIS GONZALEZ CRUZ AUTHORIZED AGENT OF CAFETERIA AQUI MEJOR QUE AL FRENTE

JAVIER SAES AUTHORIZED AGENT OF JABBA HUTT PINCHOS PLACE

SHARITZA AYALA AUTHORIZED AGENT OF THE GOLDEN MARLIN PUB

WILFREDO RAMOS AUTHORIZED AGENT OF WILLIES PLACE

WALBERTO MALDONADO ORTIZ AUTHORIZED AGENT OF CAFE KALALU

HECTOR DOE (FICTITIOUS) AUTHORIZED AGENT OF FAJARDO LIQUOR STORE

ROBERTO RIVERA AUTHORIZED AGENT OF MACHOS PINCHOS

JUAN CRUZ AUTHORIZED AGENT OF KAKY'S PLACE

ALICIA ACEVEDO AUTHORIZED AGENT OF CAFETIN EL BAMBU

| |
|---|
| REYNALDO RODRIGUEZ AUTHORIZED AGENT OF RESTAURANT REY CATHERINE |
| DAVID OJEDA AUTHORIZED AGENT OF EL BOHIO CANTINA GRILL |
| RAFAEL DAVILA AUTHORIZED AGENT OF LOS BOHIOS |
| CELEIDA ZAYAS AUTHORIZED AGENT OF GUAYABAL LIQUOR STORE |
| CELIA ROE (FICTITIOUS) AUTHORIZED AGENT OF BRISAS DEL SUR |
| HECTOR JAVIER DOEZ (FICTITIOUS) AUTHORIZED AGENT OF OASIS CAFE |
| MR. JOHN (FICTITIOUS) AUTHORIZED AGENT OF COCODRILOS SPORT |
| NEREIDA ROE (FICTITIOUS) AUTHORIZED AGENT OF LA CASA DE MIS ABUELOS |
| EDGARDO DOE (FICTITIOUS) AUTHORIZED AGENT OF SALON BILLAR |
| Defendants |

## COMPLAINT

COMES NOW Plaintiff, PPV Connection, Inc. (hereinafter PPV) through its undersigned attorneys and respectfully alleges and prays:

### JURISDICTION

1. This action arises under Section 705 of the Communications Act of 1934, as amended 47 U.S.C. §§ 553 and 605.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) as these claims arose in this district.

4. Plaintiff, PPV is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico and its authorized to conduct business within said Commonwealth.

5. Plaintiff incorporates as if it were fully set forth herein the names of all defendants identified in the caption of this complaint and alleges that upon information and belief, each such defendant is an owner, partner, manager, agent or employee of the business identified besides their name.

## FACTS

6. On December 6, 2003 the closed-circuit telecast of "The Triple Crown II" boxing program (hereinafter the Event) was broadcasted from the Rubén Rodríguez Coliseum in Bayamón, Puerto Rico.

7. Top Rank, Inc., is the sole proprietary owner of the copyright over the Event including the undercards or preliminary bouts by virtue of the certificate of registration issued by the United States Copyright Office.

8. Pursuant to a contract dated October 21, 2003 Top Rank, Inc., granted to PPV the exclusive license to exhibit within the Commonwealth of Puerto Rico the Event at commercial closed circuit television exhibit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Puerto Rico.

9. Pursuant to the aforesaid contract PPV had the exclusive right to distribute for a commercial gain the closed circuit broadcast of the Event to various business

13

establishments throughout Puerto Rico.

10. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Puerto Rico, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by PPV.

11. As exclusive license owner of the Event, PPV marketed and distributed the closed circuit rights granted to it through its agents and thus contracted with various establishments throughout Puerto Rico and granted to such establishments the right to broadcast the Event in exchange for a fee.

12. The transmission of the Event was electronically coded or scrambled, therefore in order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

13. The transmission of the Event was available to the defendants to purchase for broadcast in their respective establishments, however defendants did in fact received, transmit and broadcast the Event without contracting with PPV or any of its agents and without paying the fee to obtain the rights to broadcast said Event.

14. The establishments, which contracted with PPV to broadcast the Event, were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

15. On December 6, 2003, in violation of PPV's rights and federal law, the defendants willfully intercepted and/or received the interstate communication of the Event or in the alternative, assisted in the receipt of the interstate communication of

the Event.

16. The defendants thereafter transmitted, divulged and broadcasted said communication, or assisted in transmitting, divulging and broadcasting said communication, to patrons within their respective establishments.

17. The defendants misappropriated PPV's licensed exhibition of the Event and infringed upon PPV's exclusive rights while avoiding payment of the appropriate fee to PPV.

18. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

19. The defendants enabled the patrons within their respective establishments to view the Event, to which neither the defendants nor the patrons were entitled to.

20. The persons whom defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by PPV and had paid the appropriate fees.

21. The defendants were not authorized to intercept, receive or broadcast the communication of the Event or to assist in such actions in any form or at any time.

## FIRST CLAIM
## VIOLATION OF 47 U.S.C. 553

22. PPV hereby incorporates the allegations set forth in Paragraphs 1 through 21 above as if the same were fully set forth and realleged herein.

23.  The Communications Act of 1934, as amended, 47 U.S.C. § 553(a)(1) provides in part:

> "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law".

25.  The defendants' wrongful actions in connection with the Event, as described above, were in violation of section 553(a)(1).

26.  Furthermore, 47 USC 553(c)(1) provides that "Any person aggrieved by any violation of subsection (a)(1) (of said section 553) may bring a civil action in a United States district court to, among other remedies, recover damages, costs, including reasonable attorneys' fees to an aggrieved party who prevails.

27.  PPV is a party aggrieved by defendants willful violations of section 47 USC §53.

28.  As a result of defendants wrongful acts, PPV is entitled to recover against each of the defendants statutory damages in the maximum amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 USC § 553(c)(3)(A)(ii) and further prays that said damages be increased in the Court's discretion to a sum not less than Fifty Thousand Dollars ($50,000.00), against each defendant pursuant to 47 USC § 553(c)(3)(B) for their willful violation of the law for purposes of commercial advantage or private financial gain; and further plaintiff prays that full costs, including reasonable attorney's fees, pursuant to 47 USC § 553(c)(2)(C) be recovered from each such defendant.

SECOND CLAIM
VIOLATION OF 47 USC 605

29.  Plaintiff hereby incorporates the allegations contained in Paragraph 1 through

21 above as if same were fully forth and realleged herein.

30. The Communications Act of 1934, as amended, 47 USC §605 (a) provides in part:

> "...No person not being authorized the sender shall intercept any radio communication and divulge or publish the existence, content, substance, purport, effect or meaning of such interpreted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect or meaning of such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto..."

31. The defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605(a).

32. Furthermore, 47 USC 605 (e)3(a) provides that any person aggrieved by any violation of subsection (a) (of said section 605) may bring a civil action in a United States district court, to among other remedies, recover damages, costs, including reasonable attorneys' fees to and aggrieved party who prevails.

33. PPV is a party aggrieved by defendants willful violations of 47 USC §605 (a).

34. As a result of defendants wrongful acts, PPV is entitled to recover against each of the defendants statutory damage in the maximum amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 USC §605 (e) (3) (II) and further prays that said damages be increased in the Court's discretion to a sum not less than One Hundred Thousand

Dollars ($100,000.00) against each defendant pursuant to 47 USC §605 (e)(3)(c)(ii), for their willful violation of the law for purposes of commercial advantage or private financial gain, and further plaintiff prays that full costs, including reasonable attorneys fees, pursuant to 47 USC §605 (e)(3)(A)(iii) be recovered from each such defendant.

WHEREFORE, Plaintiff, PPV, requests that this Honorable Court enters judgment against each of the defendants for the statutory damages hereinbefore described for the sums stated in paragraphs 28 and 34 above plus costs, including attorneys fees and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

San Juan, Puerto Rico, June 21, 2004.

s/EDUARDO CASTILLO BLANCO
EDUARDO CASTILLO BLANCO-Bar number 118405
Attorney for Plaintiff
#8 BETANCES - FLORAL PARK
SAN JUAN, PR   00917-3706
PO BOX 192386
SAN JUAN, PR  00919-2386
Phone:  (787) 753-1215     Fax: (787) 759-9313
E Mail:  castillo@lawofimf.com

s/MARIA CASTILLO FUERTES
MARIA CASTILLO FUERTES-BAR NUMBER 213111
Attorney for Plaintiff
AGUAS BUENAS AVENUE
#2035, SANTA ROSA DEV.
BAYAMON, PR  00959
PHONE:  (787) 269-6558
PHONE/FAX (787) 269-6413